

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2006

# USA v. Clark

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3352

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Clark" (2006). *2006 Decisions.* Paper 977.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/977

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-3352
_____

UNITED STATES OF AMERICA

v.

KERRY LORENZO CLARK,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 03-cr-00295
(Honorable Sylvia H. Rambo)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2006

Before: SCIRICA, *Chief Judge,* NYGAARD, *Circuit Judge,*
and YOHN, *District Judge\**

(Filed June 1, 2006)

_____

OPINION OF THE COURT
_____

_____

\*  Hon. William H. Yohn, Jr., Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

YOHN, *District Judge.*

Kerry Lorenzo Clark appeals the District Court's judgment of sentence. Clark requests this court to vacate his sentence and remand for re-sentencing. He contends his criminal sentence was unreasonable under *United States v. Booker,* 543 U.S. 220 (2005), because the District Court failed to fully articulate its consideration of the 18 U.S.C. § 3553(a) sentencing factors.[1] For the reasons below, we will affirm.

## I.

Because we write for the parties, we will set forth only those facts necessary for our analysis. On October 22, 2003, Clark was indicted on three counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On May 3, 2004, a two-count Superceding Information was filed charging Clark with use of a communication facility to facilitate drug trafficking in violation of 21 U.S.C. § 843(b). Pursuant to a plea agreement, on May 12, 2004, Clark pleaded guilty to two counts of violating 21 U.S.C. § 843(b) and the October 22, 2003 indictment was dismissed. At sentencing on August 30, 2004, the District Court adopted the presentence investigation report, which classified Clark as a career offender, placing him at an offense

---

[1] We have jurisdiction to review Clark's sentence for unreasonableness under 18 U.S.C. § 3742(a)(1). *United States v. Booker,* 543 U.S. 220 (2005) (holding that §§ 3742 (a) and (b) "continue to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power under § 3553(a))"); *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006) (holding that "an unreasonable sentence is 'imposed in violation of law' under 18 U.S.C. § 3742(a)(1)").

level of 23, with a criminal history category of VI, or a Sentencing Guidelines range of 92-96 months.[2] At the hearing the District Court sentenced Clark to 92 months imprisonment, the minimum under the Guidelines range.

Clark appealed his sentence. This Court issued an order on May 18, 2005 vacating the judgment and remanding to the District Court for re-sentencing in light of *Booker v. United States,* 543 U.S. 220 (2005), which was decided while Clark's appeal was pending. At the re-sentencing hearing, Clark was re-sentenced to a total term of imprisonment of 92 months, the same sentence as had been previously imposed. The sentence consisted of two 46-month terms to run consecutively for his two counts of violating 21 U.S.C. § 843(b).

Clark timely filed this appeal, challenging the District Court's sentence as unreasonable under *Booker v. United States,* 543 U.S. 220 (2005) because the District Court imposed a sentence without fully articulating its consideration of the sentencing factors in 18 U.S.C. § 3553(a).

## II.

Clark argues that his sentence is unreasonable under *Booker,* because the District Court did not explain in detail the reasons for his sentence in light of the factors listed in

---

[2] Based on Clark's offense level and criminal history his custody range would be 92-115 months. However, because the maximum term of imprisonment for a violation of 21 U.S.C. § 843 (b) is four years per count, Clark's aggregate statutory maximum penalty is eight years and his Guideline range therefore becomes 92-96 months. U.S. Sentencing Guidelines Manual §§ 5G1.1 and 5G1.2.

18 U.S.C. § 3553(a). In *United States v. Booker*, the Supreme Court held that the federal Sentencing Guidelines are advisory. 543 U.S. at 259-60. Accordingly, district courts must consult the Guidelines, as one factor, along with the sentencing factors set forth in 18 U.S.C. § 3553(a), in determining an appropriate sentence. *Id.* at 259. We review the District Court's sentence to determine if it is reasonable. *Id.* at 264.

18 U.S.C. § 3553(a) requires a district court to "impose a sentence sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in § 3553(a)(2). Those purposes are "retribution, deterrence, incapacitation and rehabilitation" *United States v. Denardi,* 892 F.2d 269, 276 (3d Cir. 1989) (Becker, J., concurring in part). The relevant factors a court must consider in imposing a sentence are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for . . the applicable category of offense committed by the applicable category of

4

defendant as set forth in the guidelines

(5) any pertinent policy statement . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In a decision issued after briefs were filed in this case, this Court in *United States v. Cooper,* held that for a sentence to be reasonable after *Booker:*

[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. The court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing. Nor will we require district judges to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are now advisory.

437 F.3d 324, 329 (3d Cir. 2006) (citations and internal quotations omitted).

At the re-sentencing hearing Clark sought a reduced sentence, arguing among other things that his disabled brother was not properly supported by his family, that his family had not visited him once during his incarceration, and that he had shown positive post-offense rehabilitation. In response, the government highlighted the substantial benefit of the charge bargain which Clark received under the plea agreement[3] and the fact

---

[3]At the sentencing hearing Clark's attorney agreed with the government that Clark received a significant break in sentencing by pleading to the two counts of violating 21 U.S.C. § 843(b). The presentence report found that Clark's conviction under the original indictment would have

that Clark committed the charged offenses while on work release.

The record demonstrates that the District Court considered these arguments in light of the § 3553(a) factors and gave reasons for selecting the 92 month sentence. The District Court stated at the sentencing hearing:

> I've been listening to your arguments. I am afraid, Ms. Ulrich, that certain issues here far outweigh concerns for his family; the fact that apparently he is doing well in prison, which is expected of him. My concern is that, this man is a career offender. He had a tremendous break in the plea bargaining. And he gets in trouble when he's under either supervision, in one form or another, and exhibits a total disregard for the law.
>
> I feel that, when I look at 18 U.S.C. § 3553(a), and the considerations that are set forth there, that I'm inclined to impose the sentence that was originally imposed, which I think is fair and reasonable.

The District Court went on to adopt the presentence investigation report and entered a statement of reasons into the record, finding "the sentence of 92 months to be reasonable in view of the considerations expressed in 18 U.S.C. § 3553(a)," based on the Court's earlier discussion. Although the Court's comments are brief, the present record shows that the District Court devoted time during the re-sentencing hearing to relevant facts in the case and the issues raised by the parties. As stated above, a District Court is not required to explicitly articulate its consideration of each of the § 3553(a) factors; rather, the record must demonstrate it gave meaningful consideration to them. *Cooper*, 437 F.3d

---

resulted in a Guidelines range of 151-188 months. However, under the plea agreement Clark was entitled to a Guidelines range of 92-96 months, a significant reduction in one of the § 3553(a) factors.

at 329.  We are satisfied that the District Court has done so here and we accordingly conclude that the sentence was neither unreasonable nor contrary to law.

**III.**

For the reasons stated above, we will AFFIRM the judgment of sentence.